Filed 5/19/14  P. v. Hechler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074623 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF121802) |
| v. | |
| GIL JAMES HECHLER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gil James Hechler has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days has elapsed and we have received no communication from defendant.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On August 17, 2012, Deputy Wilkins was sent to the Quality Inn for a call unrelated to defendant. While there, he spoke with the manager of the inn, who reported that defendant was acting suspiciously and the housekeeper had seen a firearm in defendant's room. Wilkins contacted Sergeant Buttler, who went to the inn. Buttler saw defendant, through his open motel room door, behaving erratically and hyperactively. When defendant stepped out of his room, Buttler asked what was going on, to which defendant responded, that "spirits were messing with him real bad."

Wilkins asked defendant if he had any firearms in his room and, after defendant denied having any guns, Wilkins asked for consent to search the room. Defendant did not consent so he was detained while deputies obtained a search warrant. During the search of defendant's room, deputies found a loaded silver revolver under the pillow on the bed, a loaded semi-automatic pistol in a suitcase, a baggie containing .28 grams of methamphetamine in the nightstand drawer, and a methamphetamine pipe next to the television.

Defendant had previously been convicted of a felony. At trial, defendant admitted that the pipe and methamphetamine were his and that the methamphetamine in the baggie was a useable amount. He also admitted that he was in possession of both loaded firearms, at least one of which he knew was operable. He testified that he knew he was not permitted to have the firearms but felt he had a right as an American to possess them, despite the state law.

The jury found defendant guilty of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and possession of paraphernalia (Health & Saf.

2

Code, § 11364.1).  Defendant admitted he had a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Sentencing took place on August 23, 2013.  The trial court imposed the midterm of three years for possession of methamphetamine while armed with a firearm, a concurrent midterm of two years for possession of a firearm by a felon, stayed a two-year midterm under Penal Code section 654 for possession of methamphetamine, and imposed an additional one year for the prior prison term, resulting in an aggregate state prison term of four years.  Defendant was awarded 12 days of custody credits, and given a time served sentence for the misdemeanor possession of paraphernalia offense.  The trial court also imposed a $280 restitution fine, a suspended $280 parole revocation fine, a $160 court operations fee, and a $120 conviction assessment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                      HULL          , J.


We concur:


     BLEASE          , Acting P. J.


     DUARTE          , J.

3